2024-1164

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

MAGNUM MAGNETICS CORPORATION,
*Plaintiff-Appellant*

v.

UNITED STATES, FASTENERS FOR RETAIL, INC. D/B/A SIFFRON,
*Defendants-Appellees*

Appeal from the United States Court of International Trade in
Case No. 1:22-cv-00254, Judge Jennifer Choe-Groves

# REPLY BRIEF OF PLAINTIFF-APPELLANT
# MAGNUM MAGNETICS CORPORATION

Jeremy William Dutra, Esq.
Christopher Denison Clark, Esq.

**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
202-626-6237

*Counsel to Magnum Magnetics Corporation*

Dated: March 20, 2024

**TABLE OF CONTENTS**

I. ARGUMENT ..................................................................................................1

    A. Commerce cannot justify interpretating the *Orders* in a manner contrary to the unambiguous scope language and in a manner that changes the original scope of the *Orders*. ..............................................1

    B. Commerce cannot justify is "functionally inflexible" exclusion nor its finding that Siffron's plastic shelf dividers are "rigid." ........................3

    C. There is no basis, either in the text of the *Orders* or any (k)(1) source, for Commerce's "substantially different product" exclusion. ..............6

II. CONCLUSION ...............................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Duferco Steel, Inc. v. United States*,
   296 F.3d 1087 (Fed. Cir. 2002) .................................................................. 1, 5-6

*Fedmet Resources Corp. v. United States*,
   755 F.3d 912 (Fed. Cir. 2014) ............................................................................1

*Pfizer, Inc. v. Apotex, Inc.*,
   480 F.3d 1348 (Fed. Cir. 2007) .........................................................................5

**Administrative Decisions**

Dept. of Commerce*, Issues and Decision Memo. for Final Determination in the Countervailing Duty Investigation of Raw Flexible Magnets from the People's Republic of China* (Jul. 2, 2008)............................................................................7

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the following Reply Brief contains 1619 words, in compliance with the type-volume limitation requirements of Fed. R. of App. Pro. 32(a)(7)(B).

*/s/ Jeremy William Dutra*
Jeremy William Dutra, Esq.

**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
202-626-6237

*Counsel for Magnum Magnetics Corporation*

Dated: March 20, 2024

I. ARGUMENT

    A. **Commerce cannot justify interpretating the *Orders* in a manner contrary to the unambiguous scope language and in a manner that changes the original scope of the *Orders*.**

This Court long has emphasized the primacy of the text of antidumping and countervailing duty orders in scope proceedings. *Duferco Steel, Inc. v. United States*, 296 F.3d 1087, 1097 (Fed. Cir. 2002). And although "Commerce enjoys considerable latitude in clarifying its orders, it may not change the original scope of its orders through the interpretative process." *Fedmet Resources Corp. v. United States*, 755 F.3d 912, 921 (Fed. Cir. 2014). As such, (k)(1) sources "may provide valuable guidance as to the interpretation of the final order," but "they cannot substitute for language in the order itself." *Duferco*, 296 F.3d at 1097. As Magnum outlined in its opening brief, Commerce's Ruling violates these fundamental tenets.

In their respective response briefs, Commerce and Siffron fail to address the actual text of the *Orders*, instead retreating behind Commerce's supposed discretion to consult (k)(1) sources whenever it so chooses. Leaving aside that neither Commerce nor Siffron identifies what terms in the *Orders* Commerce used the (k)(1) sources to interpret, both fail to address the actual language of the *Orders*. Both also fail to rebut Magnum's argument, based on this Court's

1

precedents, that Commerce improperly used (k)(1) sources to change the original scope of the *Orders*.

The *Orders* cover "flexible magnets." A magnet is a covered "flexible magnet" if it is composed of: (1) flexible binders, and (2) a magnetic element. Appx33; Appx35. Neither Commerce nor Siffron dispute that the magnet component in Siffron's plastic shelf dividers is a "flexible magnet" within the scope of the *Orders*. Nor is there any dispute that the covered flexible magnet in Siffron's product is bonded to a plastic component. Commerce and Siffron nevertheless defend Commerce's Ruling by focusing on the alleged "inflexibility" of the plastic component bonded to flexible magnet. This reasoning is flawed because there is no such textual limitation.

The *Orders* expressly provide that flexible magnets remain subject to the *Orders* if bonded to any material of any composition:

> <u>Subject flexible magnets may be</u> in either magnetized or unmagnetized (including demagnetized) condition, and may or may not be fully or partially laminated or <u>fully or partially bonded with paper, plastic, or other material, of any composition and/or color</u>.

Appx33; Appx35.

While the *Orders* define the required composition for determining whether a magnet is a covered "flexible magnet," the *Orders* do not require that the materials to which the "flexible magnet" is bonded have specific properties, let alone

2

specific flexion qualities. To the contrary, the plain text provides that the material bonded to a covered "flexible magnet" may be "<u>plastic</u>" or another material of "<u>any composition</u>."

A "flexible magnet" is a defined term of art. And per that definition, the *Orders* cover a magnet based on its composition—namely, the presence of flexible binders—not its relative flexion. Both Commerce and Siffron utterly ignore this critical distinction. And they do so because Commerce's scope analysis here collapses based on the actual text of the *Orders*. Simply put, there is no "functionally inflexible" limitation in the scope language.

Commerce offers no justification for it changing the original scope of the *Orders* through its purported interpretive process. The text is unambiguous. If a magnet is composed of flexible binders and a permanent magnet material, it is a covered "flexible magnet" under the *Orders*. And that "flexible magnet" remains covered by the *Orders* even if bonded to some other material, such as plastic, irrespective of the composition of that material. Commerce's Ruling fails to apply the unambiguous text of the *Orders* and instead improperly uses (k)(1) sources to alter the plain scope of the *Orders*.

> **B.** **Commerce cannot justify is "functionally inflexible" exclusion nor its finding that Siffron's plastic shelf dividers are "rigid."**

3

Commerce's and Siffron's briefs are filled with contradiction. Both simultaneously describe Siffron's plastic shelf divider as "rigid," but also admit that the product is capable of being bent or twisted. *See* Def. Br. at 4, 5-6, 17, 18-19, 21-22; *see also* Siffron Br. at 3, 5-6, 19-21. An object is "rigid" if it is "stiff or fixed; not able to be bent or moved."[1] An object capable of being bent or twisted is, by definition, not rigid. And the extreme flexion displayed in videos Siffron submitted to Commerce confirms that the shelf dividers are not "rigid" as they can be bent and twisted. Appx565-Appx568.

Recognizing that the shelf dividers are flexible, both Commerce and Siffron retreat to the position that the products are "functionally inflexible" because they are incapable of being bent without being marred. *See* Def. Br. at 17-19; *see also* Siffron Br. at 19-20. There is nothing in the *Orders*, however, defining the scope in terms of how ultimate users of covered merchandise will use (or abuse) the merchandise. And even if relevant, Siffron offers no evidence that such extreme bending of its product as shown in videos it submitted to Commerce is typical as opposed to theatrical performance in a scope proceeding.

Commerce also fails to provide any parameters on what is considered a "functionally inflexible" product under the *Orders*. How much flexibility is

---

[1] Cambridge Dictionary: https://dictionary.cambridge.org/us/dictionary/english/rigid

4

necessary for a flexible magnet bonded to plastic or other material to be in scope? If a flexible magnet bonded to another material can be bent to a 90° angle without "breaking," would it be considered "functionally flexible"? What about a 45° angle? These questions underscore Commerce's error. The *Orders* make no reference to flexion parameters of either the flexible magnet itself or the product consisting of a flexible magnet bonded to other material because that is not a textual limitation of the *Orders*. And Commerce cannot add such an exclusion, thereby changing the scope of the *Orders*, through the interpretive process. *See Duferco*, 296 F.3d at 1097.

Even accepting Commerce's unlawful analytical approach, however, this Court nevertheless should overturn Commerce's Ruling because its finding that Siffron's shelf dividers are "functionally inflexible" is clearly erroneous. *See Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007) ("A factual finding is clearly erroneous if, despite some supporting evidence, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed") (internal quotes omitted). Careful examination of the first few seconds of each video Siffron submitted demonstrates that the shelf dividers can, through normal effort, be twisted, and when released, revert to the original shape with no visible or apparent damage to the plastic. Appx565-Appx568. The record, moreover, is bereft of any evidence that flexing the product

5

at issue, even to an extreme degree, damages the flexible magnet component or results in it losing its magnetic properties (the only issue of concern in the ITC staff report Commerce relies upon).

Under the guise of its (k)(1) sources, Commerce impermissibly altered the scope of the *Orders* by creating a new "functionally inflexible" exclusion that contradicts the scope language. This Court's precedent, and the *Orders* themselves, do not permit adding exclusions through interpretation. *See Duferco*, 296 F.3d at 1097; Appx33; Appx35 ("All products meeting the physical description of subject merchandise that are not specifically excluded are within the scope of this order").

### C. There is no basis, either in the text of the *Orders* or any (k)(1) source, for Commerce's "substantially different product" exclusion.

Both Commerce and Siffron continue to advance Commerce's determination that the mere creation of a "new product" by the bonding of a flexible magnet to some other material is ground for excluding the product from the *Orders*. *See* Def. Br. at 23-24; *see also* Siffron Br. at 23-24. This is absurd.

First, as noted, the *Orders* expressly cover mixed media products (*i.e.*, a new product) in which a flexible magnet is bonded to plastic and any other material of any composition. Underscoring that the *Orders* cover combination products is the recitation of the express exclusion for one such product—flexible magnets to

6

which certain printed material has been bonded.  That exclusion would have been unnecessary if the *Orders* do not apply to other combination products in which flexible magnet is a bonded element.

Second, during the investigation, Commerce squarely faced a product with "new functionality": a magnetic photo pocket composed of a flexible magnet bonded to a plastic pocket.  Commerce held that such a new product was within the scope of the investigations and the *Orders*.  *Issues and Decision Memo. for Final Determination in the Countervailing Duty Investigation of Raw Flexible Magnets from the People's Republic of China* (Jul. 2, 2008) at 2-3.

Commerce's "substantially different product" test contradicts the text of the *Orders* and is inconsistent with the first scope ruling issued in connection with the *Orders*.  Commerce, in its brief, does not acknowledge, let alone attempt to reconcile its inconsistent position.  And Commerce provides no discernable criteria by which to assess when a combination product either is covered by (*e.g.*, magnetic photo pockets) or excluded from (*e.g.*, magnetic plastic shelf dividers) the *Orders*.  Commerce ignores this contradiction because it has no explanation.

Commerce acted arbitrarily by creating extra-textual exclusions contrary to and prohibited by the text of the *Orders*.  All products meeting the physical description of subject merchandise—including a flexible magnet bonded to a material of any composition, including plastic—that are not specifically

7

excluded—*i.e.* printed magnets—are within the scope of the *Orders*. Appx33; Appx35.

## II. CONCLUSION

For the foregoing reasons and the reasons articulated in its opening brief, Magnum respectfully requests that the Court reverse the CIT's judgment and vacate, as unlawful, Commerce's scope ruling that Siffron's magnetic shelf dividers are outside the scope of the *Orders*.

Respectfully submitted,

*/s/ Jeremy William Dutra*
Jeremy William Dutra, Esq.

**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
202-626-6237

*Counsel for Magnum Magnetics Corporation*

Dated: March 20, 2024